Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, MODIFIES in part and AFFIRMS in part the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. On March 14, 1994, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date Companion Property Casualty Ins. Co. provided the coverage to the employer as provided under the Act.
4. The alleged injury giving rise to the plaintiff's claim occurred on March 14, 1994.
5. On said date the plaintiff was earning an average weekly wage of $121.80.
6. The issues to be determined in this case are:
 a. Did the plaintiff sustain an injury by accident arising out of and in the course of his employment with the defendant-employer on March 14, 1994; and,
 b. If so, are the injuries of which the plaintiff complains caused by the said accident; and,
 c. If so, to what compensation, if any, is the plaintiff entitled under the Act.
7. The plaintiff began working for the defendant-employer on November 30, 1993; he last worked for the said defendant-employer on March 14, 1994; he first sought medical attention as a result of his claim on March 18, 1994 and began work for another employer on September 12, 1994.
EXHIBITS
At the hearing on September 16, 1994, the parties introduced the following exhibits:
1. Defendants' Exhibit 1, marked D1, consisting of a transcription of an interview dated April 28, 1994.
Subsequent to the hearing on September 16, 1994, the parties entered the following documentation into the record which have been considered by the undersigned in ruling in this matter and with respect all Motions and Objections have been duly considered under the applicable law and rules of evidence:
2. Deposition of Cindy Litteral dated November 3, 1994.
3. One page stipulated medical report.
****************
Based upon all of the competent evidence in the record, the Full Commission adopts in part and modifies in part the findings of fact by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On March 14, 1994, the plaintiff, 23 years of age with a ninth grade education and who had been working for the defendant-employer since November 30, 1993, was employed by the defendant-employer as a maintenance worker.
2. On March 14, 1994 as the plaintiff was moving a roll-away bed in the performance of his work duties as directed by his supervisor and as he was picking it up, he felt pain in his low back.
3. This incident was reported to his supervisor at which time the plaintiff was told by his supervisor to get medical care and treatment for his back condition and report back to work when he had seen a doctor. The plaintiff asked for some money so that he could pay to see a doctor but was refused the request.
4. On Thursday, March 17, 1994, the plaintiff was paid his wages and on Friday, March 18, 1994, he went to a local emergency room complaining of pain in the lower back. Medication was prescribed and plaintiff was referred to a local physician for treatment of his back condition.
5. The plaintiff has been medically diagnosed as suffering from lumbosacral strain. Plaintiff's lumbosacral strain was caused by the lifting incident at work on March 14, 1994.
6. Subsequent to being treated medically on March 18, 1994, the plaintiff returned to his employment and was terminated by the defendant-employer for unknown reasons.
7. Subsequent to being terminated, the plaintiff attempted to find employment and did find other employment on September 12, 1994 at higher wages and with no further back problems.
8. On March 14, 1994, the plaintiff sustained an injury by accident, or specific traumatic incident as a direct result of the work assigned arising out of and in the course of the employment with the defendant-employer.
9. The plaintiff has suffered no permanent partial disability of his back as a result of the injury occurring on March 14, 1994.
10. As a result of his injury on March 14, 1994, plaintiff was temporarily totally disabled from March 14, 1994 to September 12, 1994 when he returned to work at higher wages with another employer.
11. The plaintiff was earning an average weekly wage of $121.80 on March 14, 1994.
****************
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. On March 14, 1994, the plaintiff sustained an injury by accident, or specific traumatic incident as a direct result of the work assigned arising out of and in the course of his employment with the defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. Plaintiff has sustained a compensable injury. The defendants had immediate knowledge of the injury and the defendants instructed the plaintiff to get medical help and to return to work. The plaintiff obtained medical help; returned to work, and was terminated for unknown reasons.
3. The plaintiff was incapable of earning the same or greater wages due to his injury from March 18, 1994 through September 12, 1994, the date he was able to find work earning the same or greater wages.
4. The plaintiff is entitled to temporary total disability compensation benefits from March 18, 1994 to September 12, 1994 at the rate of $81.20 per week. N.C. Gen. Stat. § 97-29.
5. The plaintiff is not entitled to permanent partial disability compensation benefits as the result of the incident occurring on March 14, 1994.
6. Plaintiff is entitled to payment by defendants of medical expenses arising from his injury. N.C. Gen. Stat. § 97-25.
****************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. The defendants shall pay to the plaintiff in one lump sum temporary total disability compensation benefits from March 18, 1994 to September 12, 1994 at the rate of $81.20 per week, less the attorney fee hereinafter provided.
2. The defendants shall pay all medical expense resulting from said injury when the same have been presented and approved as by law provided.
3. An attorney fee of twenty-five percent of the compensation due plaintiff herein is hereby approved and awarded to Robert A. Farris, Jr. for his services to the plaintiff. This attorney fee shall be deducted and paid directly to said attorney.
4. The defendants shall pay the costs due this Commission.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ COY M. VANCE COMMISSIONER
BSB:md